864 P.2d 558

ARIZONA PROPERTY AND CASUALTY INSURANCE GUARANTY FUND,
Plaintiff/Appellant,

v.

Ernesto Luis LOPEZ,
Defendant/Appellee.

No. 2 CA–CV 93–0238.

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 18, 1993.

**2**

Thomas, Burke & Phillips by Benjamin C. Thomas and Gina M. Bartoszek, Phoenix, for plaintiff/appellant.

Roush, McCracken & Guerrero by Peter A. Guerrero, Phoenix, for defendant/appellee.

### OPINION

LACAGNINA, Judge.

The Arizona Property and Casualty Insurance Guaranty Fund (the Fund), the successor in interest to Great Plains Insurance Company, appeals from the trial court's order granting Ernesto Luis Lopez uninsured motorist coverage under his policy with Great Plains. Because we find that this court does not have jurisdiction, we dismiss the appeal.

Judgment was entered in favor of Lopez on February 18, 1992. Although Great Plains was advised by counsel to appeal the decision, it was unwilling or unable to pay the appeal costs, and no appeal was taken. On March 4, Great Plains was rendered insolvent and was liquidated. The time for appeal ran on March 19.

On August 26, the Fund filed a Motion to Stay Proceedings/Motion to Set Aside Judgment. The court, by minute entry, granted the Fund's motion, finding in part as follows:

The Guaranty Fund claims that it is entitled to a stay or to have the judgment set aside under A.R.S. § 20–676 which states in pertinent part:

All proceedings in which the insolvent insurer['s insured] is a party in any Court of this state shall be stayed [for up to six months and such additional time as may be determined by the court from the date the insolvency is determined or an ancillary proceeding is instituted in this state] to permit proper defense by the fund of all pending causes of action as to any covered claims arising from a judgment under any decision, verdict or finding based on the default of the insolvent insurer or its failure to defend an insured. [The fund either on its own behalf or on behalf of such insured may apply to have such judgment, order, decision, verdict or finding set aside and shall be permitted to defend such claim on the merits.]

Here, the case was fully litigated at the trial court level up to the time of judgment. Thus, at first blush, the Statute would appear to be satisfied. However, this Court views the Statute as a legislative intent to preclude the fund from being responsible for claims which have not been fully litigated on the merits. Fully litigated includes the right to appeal. For these reasons, the Court concludes that the Motion to Stay to Permit the Fund to File the Notice of Appeal should be granted and the Stay should be effective as of the date of insolvency.

We disagree with the trial court's interpretation of the statute. Section 20–676 was intended to stay proceedings in the trial court or, once a notice of appeal had been filed, in the appellate court, in order to allow

the Fund to properly defend under certain specific circumstances. It cannot be interpreted as allowing a six-month period during which the Fund can extend the time for filing the notice of appeal. A notice of appeal, which invokes the jurisdiction of this court, must be filed no later than thirty days following the entry of judgment. Ariz.R.Civ. App.P. 9(a), 17B A.R.S. The court may not shorten or extend the time for filing a notice of appeal. Ariz.R.Civ.App.P. 5(b); *Arizona Department of Economic Security v. Hall,* 120 Ariz. 514, 586 P.2d 1326 (App.1978). In addition, Great Plains did not file any motions which would have extended the time for appeal. *See* Ariz.R.Civ.App.P. 9(b).

The Fund's motion, filed five months after the entry of judgment, whether viewed as a motion to stay proceedings pursuant to A.R.S. § 20–676, or a motion to set aside the judgment pursuant to Ariz.R.Civ.P. 60(c), 16 A.R.S., could not legally extend the time for appeal. Rule 60(c) is not designed to be a substitute for appeal, *Arizona State Department of Economic Security v. Mahoney,* 24 Ariz.App. 534, 540 P.2d 153 (1975), nor is this one of the specific situations enumerated in § 20–676 which applies only to trial court decisions "based on the default of the insolvent insurer or its failure to defend an insured." *Betancourt v. Arizona Property & Casualty Insurance,* 170 Ariz. 296, 299, 823 P.2d 1304, 1307 (App.1991). This was not a default judgment, but the result of a declaratory judgment action in which the insured's motion for summary judgment, seeking uninsured motorist coverage under his policy, was granted. In addition, the insurer's duty to defend does not obligate it to prosecute appeals where, as in this case, the insured was granted the coverage he sought under the policy. *See* 7C Appleman, *Insurance Law and Practice* § 4688 (1979).

The appeal is dismissed.

LIVERMORE, P.J., and FERNANDEZ, J., concur.