NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHEN S. EDWARDS, *Plaintiff/Appellant*,

*v.*

MAGNUS TITLE AGENCY, L.L.C., an Arizona limited liability company;
and MAGNUS TITLE AGENCY, a division of Title Security Agency of
Arizona, Inc., *Defendants/Appellees*.

No. 1 CA-CV 13-0249
FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-095984
The Honorable Ruth Harris Hilliard, Retired

**AFFIRMED**

COUNSEL

Stephen S. Edwards *In Propria Persona*

*Plaintiff/Appellant*

Dioguardi Flynn LLP, Scottsdale
By Mark D. Dioguardi

*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

**J O N E S,** Judge:

**¶1**        Stephen S. Edwards, individually and as trustee for Super Trust Fund (collectively, Edwards), appeals the trial court's order denying Edwards's motion to set aside the grant of motions to dismiss in favor of Magnus Title Agency L.L.C (Magnus L.L.C.) and Magnus Title Agency's (MTA) (collectively, Appellees).   For the following reasons, we affirm.

### Facts and Procedural History

**¶2**        On October 12, 2012, Edwards filed a complaint against Appellees stemming from MTA's role as an escrow agent for the closing of a residential construction loan Edwards had procured in January 2010.[1]

**¶3**        On November 28, 2012, Appellees filed separate motions to dismiss Edwards's complaint for failure to state a claim upon which relief may be granted.   Ariz. R. Civ. P. 12(b)(6).   On December 10, Appellees granted Edwards an extension of time to respond to their motions to dismiss until December 28 due to his being out of the country.   However, Edwards never filed a response to the motions.   As a result, on January 8, 2013, eleven days past the extended response deadline, the trial court granted Appellees' motions to dismiss.

**¶4**        Thereafter, Edwards filed a Rule 60(c) motion to set aside the order of dismissal.   In Edwards's motion, he argued the trial court had prematurely entered its minute entry prior to the stipulated response date, and that he had not had sufficient time to prepare and file a response as he was out of the country and did not receive the motions until January 14, 2013.   The trial court denied his motion, finding Edwards had knowledge

_____

[1] The complaint alleged: 1) breach of contract; 2) breach of fiduciary duty; 3) breach of the covenant of good faith and fair dealing; 4) specific performance; 5) real estate fraud; and 6) negligence.

of the motions and had not established an acceptable justification for his failure to respond.

**¶5**        Edwards timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2013), -2101(A)(2) (2013).

## Discussion

**¶6**        We review a trial court's denial of a Rule 60(c) motion for an abuse of discretion.  *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App. 1991).  Edwards contends the trial court erred by denying his motion to set aside for several reasons.[2]

I.        Trial Court's Order of Dismissal

**¶7**        Edwards argues the trial court erred when it ruled on the motions to dismiss prior to the parties' stipulated response deadline.  The record does not support this argument.

**¶8**        The parties agreed Edwards would have until December 28, 2012, to respond to Appellees' motions to dismiss.  When a response was not received, the trial court considered the motions and prepared its minute entry dismissing the case.  The minute entry is dated December 21, 2012, but was not filed in the clerk's office until January 8, 2013.  Ariz. R. Civ. P. 58(a) provides: "[A]ll judgments shall be in writing and signed by a judge. . . .  The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry."  *See Lamb v. Superior Court*, 127 Ariz. 400, 403, 621 P.2d 906, 910 (1980) (noting

---

[2] Prior to the filing of the motions to dismiss, Edwards filed a demand for a jury trial pursuant to A.R.S. § 12-1176 (2013).  Edwards argues the dismissal of his complaint deprived him of his Sixth Amendment right to a fair trial.  He did not raise this argument in his Rule 60(c) motion, and does not support this argument with citations to relevant authority. Accordingly, we deem the argument waived. See *Airfrieght Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109-10, ¶ 17, 158 P.3d 232, 238-39 (App. 2007) (explaining arguments raised for the first time on appeal are generally waived); see also Ariz. R. Civ. P. 13(a)(6); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009) (noting that the failure to cite to authority, statutes and parts of the record relied upon may constitute abandonment and waiver of a claim).

an order is not effective until it is in writing, signed by the court, and entered by the clerk of the court).

¶9          Although the minute entry was prepared prior to the agreed upon response deadline, it was not filed and entered until eleven days after that deadline had lapsed.  As importantly, Edwards never responded to the motions to dismiss, before December 28 or otherwise.  Therefore, the ruling  was not prematurely issued by the trial court.

II.     Notice of Motions to Dismiss

¶10         Edwards also argues the trial court erred by denying his motion to set aside because he did not receive notice of Appellees' motions to dismiss until January 14, 2013.

¶11         The record reflects, however, as is consistent with the trial court's findings, that Edwards did have notice of the motions to dismiss prior to the response deadline.  Attached to his motion to set aside, Edwards appended an email exchange between him and Appellees' counsel, dated December 10, in which Edwards acknowledged the motions to dismiss had been filed, noted a response to the motions was due from him, and requested the above-referenced stipulation to extend the response deadline.  It defies all logic to suggest that a person would request an extension to file a response to a motion he did not know existed.  Further frustrating Edwards's position is that he made a part of the trial court's record email correspondence from the legal assistant of Appellees' counsel, dated December 18, in which she informed him that the copies of the motions to dismiss that had been mailed to him had been returned as "unclaimed," and attached electronic copies of the motions to dismiss "as a courtesy."

¶12         It is clear that Edwards did indeed have knowledge of the pending motions to dismiss and had even negotiated with Appellees a date by which his response would be due.  If he had truly not received a copy of the motions to dismiss, but had undeniably previously agreed with Appellee as to the date his delayed response was due, it was incumbent upon Edwards to request a copy of the motions from Appellees or the trial court.   Further, it appears that, in any event, Edwards was provided electronic versions of the motions ten days before the agreed-upon deadline, and more than twenty days before the court issued its ruling.

III.     Electronic Court Register

¶13         Edwards also argues the Maricopa County's Electronic Court Register (ECR) did not reflect the trial court's dismissal order and that he relied upon the ECR for information regarding filings and rulings while he was out of the country.  A copy of the ECR pertaining to this case is not found in the record, but it is clear from the email exchange that Edwards had knowledge of both the filing of the motions to dismiss and his deadline for responding.  Further, the ECR is not a mechanism to be relied upon for service or notice, but is instead a customer service tool allowing parties electronic access to case documents.  Moreover, whether he had notice of the trial court's dismissal order is irrelevant in determining whether Edwards had a reasonable justification for failing to file the response to the motions to dismiss.

IV.     Arizona Rule of Civil Procedure 60(c)

¶14         As there is evidence Edwards was aware of the deadline to respond to the motions to dismiss, we turn to whether there was a basis under Rule 60(c) to set aside the dismissal order.

¶15         A motion for relief pursuant to Rule 60(c) may be granted if the party: (1) acts promptly in seeking relief from judgment; (2) proves that its failure to file a timely answer is excusable; and (3) shows that it has a meritorious defense.  *State v. Jackson*, 210 Ariz. 466, 469, ¶ 14, 113 P.3d 112, 115 (App. 2005).  A court may relieve a party from an order for several reasons provided by Rule 60(c), including (1) mistake, inadvertence, surprise, or excusable neglect; or (2) fraud, misrepresentation, or other misconduct of an adverse party.  Ariz. R. Civ. P. 60(c)(1), (3).

¶16         "Our first task when evaluating relief sought pursuant to Rule 60(c) is determining which provision of that rule is applicable." *Jackson*, 210 Ariz. at 468, ¶ 11, 113 P.3d at 114.  Edwards argues he was unable to access his mail until January 14, 2013, and that Appellees served the motions at a place they had full knowledge Edwards would not be present for an extended period of time.  We interpret these arguments as a claim that his failure to timely answer was based upon excusable neglect and misconduct of the adverse party.  Either serves as an acceptable basis for relief under Rule 60(c), and we address each in turn.

A.      Excusable neglect

**¶17**      Neglect is found to be excusable if "the neglect or inadvertence is such as might be the act of a reasonably prudent [person] under the same circumstances." *Id.* at 469, ¶ 15, 113 P.3d 112, 115.

**¶18**      Appellees filed their motions to dismiss on November 28, 2012, and mailed copies to Edwards last known address the same day. Ariz. R. Civ. P. 5(c)(2)(C) (noting that service of a paper, following a party's appearance, is complete upon the mailing of the paper to the person's last known address); *McEvoy v. Aerotek, Inc.*, 201 Ariz. 300, 304, ¶ 19, 34 P.3d 979, 983 (App. 2001).  A response to the motions was due from Edwards on December 17, and the parties extended this deadline until December 28.  Edwards asserts he was out of the country from November 19 through December 28, and was unable to access his mail until January 14, 2013.

**¶19**      The Ninth Circuit has held that an attorney's failure to prepare for a hearing due to a vacation was not excusable neglect. *Smith v. Stone*, 308 F.2d 15, 17 (9th Cir. 1962).[3]  Here, Edwards filed his lawsuit on October 12 and proceeded to leave the country from November 19 until December 28.  During that period, he had knowledge of the pending motions and the extended deadline that had been agreed upon for him to respond.  Further, Edwards had returned to the country for a period of eleven days before the trial court filed its dismissal order and still failed to file a response to the motions to dismiss or request further extension. *See Goglia v. Bodnar*, 156 Ariz. 12, 20, 749 P.2d 921, 929 (App. 1987) (noting that pure carelessness does not constitute a sufficient reason to set aside a default judgment).  Accordingly, as Edwards did not act as a reasonably prudent person, his actions do not constitute excusable neglect. [4]

---

[3] Arizona's standard of excusable neglect is "in harmony with the federal court decisions" interpreting the federal equivalent to Rule 60(c). *Rogers v. Tapo*, 72 Ariz. 53, 55, 230 P.2d 522, 524 (1951).

[4] As we find no excusable neglect, we need not address whether Edwards acted promptly in seeking relief or whether he had a meritorious defense. *See Jackson*, 210 Ariz. at 469, ¶ 14, 113 P.3d at 115 (stating a rule 60(c) motion should be denied if the moving party cannot satisfy all three prongs of the test); *Schering Corp. v. Cotlow*, 94 Ariz. 365, 371, 386 P.2d 234, 239 (1963) ("A condition precedent to the court considering a meritorious defense is a showing of excusable neglect.").  However, we note

B.     Misconduct by Adverse Party

**¶20**        Edwards also argues, implicitly, Appellees timing in regard to the filing of their motions to dismiss was based in their knowledge he was on vacation and unable to check his mail.  To obtain relief under Rule 60(c)(3) for misconduct by the adverse party, a party must demonstrate that the misconduct substantially interfered with its ability to fully and fairly prepare and present its case.  *Estate of Page v. Litzenburg*, 177 Ariz. 84, 93, 865 P.2d 128, 137 (App. 1993) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 926 (1st Cir. 1988)).

**¶21**        There is no evidence Appellees actions substantially affected Edwards's ability to respond to the motions to dismiss.  Appellees filed their motions to dismiss within the requisite time period.  Although Appellees were aware Edwards was out of the country, initially he stated he expected to return by December 25, and Appellees agreed to extend his time to respond to the motions until December 28.  Further, when the motions to dismiss were returned to Appellees as unclaimed mail, Appellees' counsel contacted Edwards to inform him of the development and emailed him an electronic copy of the motions.  Therefore, the actions of Appellees do not reflect any misconduct, let alone the type of misconduct required by Rule 60(c)(3).

V.     Self-Represented Party

**¶22**        Edwards also argues that self-represented parties, such as himself, should be afforded additional latitude regarding compliance with the Rules of Civil Procedure.  However, it is well established under Arizona law that a self-represented party is entitled to no more consideration from a court than a party represented by counsel, and is held to the same standards as a lawyer.  *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16, 17 P.3d 790, 793 (App. 2000).

**¶23**        But beyond that, Edwards's position ignores that he was shown all the courtesies that are typically extended to licensed counsel.  Appellees recognized Edwards's vacation and appropriately granted him sufficient additional time following his return to respond to their motions.  Additionally, the trial court held back the filing of its ruling for a significant period of time following that extended response deadline.  The

---

Edwards's motion to set aside did not set forth any defenses to either motion to dismiss.

record is clear that every courtesy sought by Edwards was extended. Therefore, we find no error in the trial court's determinations that followed.

## Conclusion

**¶24** For the foregoing reasons, we affirm the trial court's denial of Edwards's motion to set aside the dismissal order. Appellees request their attorneys' fees on appeal pursuant to A.R.S. §§ 12-341 (2013), -341.01 (2013). In our discretion, we award Appellees' reasonably incurred attorney's fees and costs on appeal, subject to their compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: mjt