NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EVA BROCKI *Petitioner/Appellant*,

*v.*

JAMES P. BROCKI, *Respondent/Appellee*.

No. 1 CA-CV 13-0514
FILED 05-29-2014

Appeal from the Superior Court in Maricopa County
No. FC2010-094664
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Law Office of Alan K. Wittig PC, Queen Creek
By Alan K. Wittig
*Counsel for Petitioner/Appellant*

Riebesehl Family Law Offices, Phoenix
By Gregory A. Riebesehl
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**J O N E S**, Judge:

¶1          Appellant Eva Brocki ("Eva") appeals the denial of her motion to set aside the trial court's order modifying Appellee James Brocki's ("James") child support obligation.  For the following reasons, we affirm.

### Background

¶2          Eva filed a petition for dissolution of marriage on November 16, 2010.  Thereafter, the trial court entered a "Consent Decree of Dissolution (Divorce) of Non-Covenant Marriage" on May 16, 2011, providing for joint legal custody and Eva having primary physical custody of their child, R.B.[1]  The consent decree also ordered James to pay to Eva $567.73 in child support each month.

¶3          On March 23, 2012, James filed a "Petition to Modify Child Support 'Simplified Process,'"[2] seeking to reduce his monthly obligation to $204.76.  Eva then filed a request for hearing regarding James's child support modification petition, and counter petitioned; she also filed a petition to enforce child support, claiming James owed $1,903.19 in arrearages.  After mandatory mediation efforts failed to resolve the issues, the two petitions were consolidated and, by minute entry dated January

---

[1] Subsequent to the consent decree being granted, the legislature changed all references contained within Arizona Revised Statutes ("A.R.S.") title 25, chapter four of "legal custody" and "physical custody" to "legal decision-making" and "parenting time," respectively.  *See* A.R.S. § 25-401(3), (5).

[2] Ariz. R. Fam. L.P. 91(A), (B)(2).

11, 2013, a Resolution Management Conference ("RMC") to address these issues was set for February 7, 2013.[3]

**¶4**     The RMC was held as scheduled on February 7; James was present, with counsel, but Eva and her counsel failed to appear. The trial court noted that both Eva and her counsel had adequate notice of the RMC, and had failed to give good cause for their failure to appear. As a result, the trial court dismissed Eva's petition to enforce child support. The trial court then proceeded with the RMC concerning James's petition to modify child support,[4] ultimately reducing his obligation to $274.08 per

---

[3] The order setting the Resolution Management Conference contained the following disclaimer: "IF ONLY ONE PARTY APPPEARS, THE COURT MAY ENTER A DEFAULT AGAINST THE ABSENT PARTY, AND ALLOW THE PARTY THAT APPEARS TO PROCEED BY DEFAULT. IF BOTH PARTIES FAIL TO APPEAR, THE ACTION MAY BE DISMISSED."

[4] The trial court, in its notice setting the RMC and citing Arizona Rule of Family Law Procedure 76(A)(3) ("ARFLP"), indicated it could "receive evidence to resolve discreet issues that may 'eliminate non-meritorious claims or defenses' or to 'make such other Orders as the Court deems appropriate.'" Further, the February 7th minute entry indicates James was sworn and provided testimony. A RMC is designed to "encourage the resolution of family law cases using non-adversarial means of alternative dispute resolution." *Villares v. Pineda*, 217 Ariz. 623, 625, ¶ 15, 177 P.3d 1195, 1197 (App. 2008) (quoting ARFLP 66(A)). Neither ARFLP 76(A)(3), nor case authority provide a basis for the taking of evidence at a RMC, even on "discreet issues." Orders issued in non-compliance with the RMC guidelines must be set aside. *Pineda*, 217 Ariz. at 626, ¶ 17, 177 P.3d at 1998. However, this issue was not raised to the trial court, or on appeal. Eva did not object to either the manner in which the RMC was conducted or argue she lacked notice of the RMC's subject matter. She argued only that she did not receive notice of the hearing itself. Additionally, given the incomplete record on appeal, it is not possible for this Court to determine that the parties did not agree to the trial court utilizing the RMC precisely as it did. *See* ARFLP 76(A)(3)(c). As such, any objection that might otherwise have been made to the manner in which the RMC was conducted has been waived and we will not address the issue further. *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 17, 158 P.3d 232, 238 (App. 2007).

month, beginning April 1, 2012,[5] based upon a child support worksheet calculation.[6]

**¶5**     Eva filed a motion to set aside the February 7 orders ("first motion") pursuant to Arizona Rule of Civil Procedure 60(c), on February 19, 2013, admitting notice of the RMC had apparently been sent to her attorney, but asserting neither she nor her counsel received the notice. A similar assertion was not made by her attorney. The trial court denied the motion on March 26,[7] finding Eva had failed to illustrate she had suffered any prejudice or that the child support calculation contained any errors. The trial court also noted Eva was "free to file a new Petition seeking relief if it is believed that any of the calculations or orders are incorrect."

**¶6**     Eva filed a second motion to set aside the February 7 orders ("second motion") the next day, repeating the prior assertion that neither she nor her attorney had received the notice, and that the trial court had relied upon incorrect information in denying her first motion, but asserting for the first time that, having voluntarily quit his job, James was not entitled to a reduction in his child support obligation. The trial court entered a formal judgment denying Eva's second motion. Therefrom, Eva filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) (2014).[8]

---

[5] *See* A.R.S. § 25-503(E) (2014) ("Modification and termination are effective on the first day of the month following notice of the petition for modification or termination . . . .").

[6] The trial court noted that this would likely result in Eva having received an overpayment of child support. It was later calculated that James had made an overpayment of $3,706.64 for the relevant time period. To correct this overpayment, the trial court entered an order on March 18, 2013, whereby James was not required to pay any child support for thirteen months, and pay a reduced amount of $130.49 for one month before having to resume paying the full amount of $274.08 per month. Eva did not file a notice of appeal with respect to this order.

[7] The trial court stated, as a threshold matter, that Rule 60(c) did not provide governing authority for setting aside the family court order. However, it addressed Eva's motion as if submitted pursuant to ARFLP 85(c).

[8] James argues the second motion was improper because Eva had already had an attempt to set aside the judgment denied and should not be able to continue filing successive motions to set aside. Initially we note James

**Discussion**

**¶7** Eva argues the trial court erred in its denial of her second motion to set aside. We review the trial court's denial of a motion to set aside a judgment for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8, 282 P.3d 428, 432 (App. 2012). An abuse of discretion occurs when the trial court "commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'" *Id.* (quoting *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007)).

**¶8** To establish that a judgment should be set aside pursuant to Rule 85(C), the moving party must demonstrate: (1) one of the delineated grounds in Rule 85(C)(1); (2) promptly seek relief; and (3) the party has a meritorious defense to the underlying claim. *Jackson v. State*, 210 Ariz. 466, 469, ¶ 14, 113 P.3d 112, 115 (App. 2005).[9]

**¶9** "Our first task when evaluating relief sought pursuant to Rule 60(c) is determining which provision of that rule is applicable." *Jackson*, 210 Ariz. 466, at 468, ¶ 11, 113 P.3d at 114. In her second motion,

---

does not support his argument with any citation to legal authority. ARCAP 13(a)(6), (b)(1). Moreover, ARFLP 85 does not set a numerical limit on the number of such motions that may be filed, but rather places a six month time limit to file the motion upon certain specifically enumerated grounds, while a motion grounded upon other reasons must be filed "within a reasonable time." ARFLP 85(C)(2). Eva's second motion was filed within the requisite time. Further, it advanced new arguments not contained within the first motion that could be construed as different grounds to set aside the judgment under Rule 85. *See, e.g., Autonumerics, Inc. v. Bayer Indus., Inc.*, 144 Ariz. 181, 185, 696 P.2d 1330, 1334 (App. 1984). We therefore consider the merits of Eva's second motion. *See Assoc. Aviation Underwriters v. Wood*, 209 Ariz. 137, 179, ¶ 147, 98 P.3d 572, 614 (App. 2004) ("Arizona courts disfavor hyper-technical arguments, and instead prefer to dispose of cases on their merits.") (internal quotations omitted) (citation omitted).

[9] "Wherever the language in [the Arizona Rules of Family Law Procedure] is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules." ARFLP 1 cmt.; *compare* ARFLP 85(C) *with* Ariz. R. Civ. P. 60(c).

Eva argues that she, and her counsel, failed to receive the notice of the resolution conference, and that James was not entitled to a reduction of his child support obligation because he voluntarily quit his job.  We interpret these arguments as a claim the February 7 orders should be set aside because: (1) her absence from the RMC was due to mistake, inadvertence, or excusable neglect; and (2) newly discovered evidence.  Either serves as an acceptable basis for relief under ARFLP 85(C), and we address each in turn.

I.      **Grounds for Motion to Set Aside**

A.      ARFLP 85(C)(1)(a)

¶10         While admitting proper notice was sent, Eva contends neither she nor her attorney received it due to someone's "mistake, inadvertence, surprise, or excusable neglect." ARFLP 85(C)(1)(a).

¶11         Except for certain papers not at issue here, once counsel has made an appearance in a matter, service of pleadings, motions or other "papers" must be made upon a party's counsel unless the court orders otherwise.  ARFLP 43(C)(1).  Service is complete upon the mailing of a paper "via U.S. mail or any other national courier service to the person's last known address."  ARFLP 43(C)(2)(c).  Eva admitted and the trial court specifically found that the subject notice had been sent to Eva via her counsel; thus, proper notice was afforded by the court.

¶12         Eva contends, however, that her counsel never received the notice, but does not specify where or how a mistake was made that led to her attorney failing to receive the notice at his address of record, or by whom that mistake was made.[10]  For instance, she does not argue the trial court mailed the notice to an incorrect address due to a clerical error. *See, e.g.*, *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 18, 90 P.3d 1236, 1240 (App. 2004) ("[A] defendant must allege facts sufficient to demonstrate that the neglect is excusable, not merely unexplained.").  In short, Eva did not present any evidence substantiating that the notice was not received

---

[10] The only explanation made was in Eva's first motion to set aside, in which she stated her counsel had also failed to receive papers from another attorney that were sent to his office on the same day the notice of the RMC was sent.  There is no evidence from Eva's attorney that he did not receive the notice.

by her or her counsel.[11]    The trial court was in the best position to evaluate the credibility of the court notice process and of the parties, and we will not substitute our view concerning such credibility issues. *See, e.g.*, *McClung v. Bennett*, 225 Ariz. 154, 156, ¶ 10, 235 P.3d 1037, 1039 (2010) ("The trial judge, who was in the best position to assess the situation, determined that notice was inadequate . . . ."). As the only mistake complained of was inadequate notice, and having found that Eva failed to rebut the presumption of adequate service, we conclude the trial court did not abuse its discretion by denying Eva's second motion to set aside on this ground.

### B.      ARFLP 85(C)(1)(b)

**¶13**          A judgment may be set aside if the proponent presents "newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 83(D)." ARFLP 85(C)(1)(b); ARFLP 83(D) (providing a party fifteen days to move for a new trial).

**¶14**          In her second motion, Eva also argues, for the first time, that James was not entitled to a reduction in his child support obligation because he voluntarily quit his job. *Little v. Little*, 193 Ariz. 518, 522, ¶ 12, 975 P.2d 108, 112 (1999) ("If a reduction in child support due to a non-custodial parent's voluntary decision to change his or her employment status places a child in financial peril, then the court generally should not permit a downward modification."). First, Eva did not produce any evidence, other than her conclusory statement, in support of her position. Second, even assuming evidence had been provided, Eva did not demonstrate it was newly discovered and that it could not have been discovered with due diligence prior to the February 7 hearing, or prior to the time period for the filing of a motion for new trial having lapsed. As such, the trial court did not abuse its discretion in denying Eva's second motion.[12]

---

[11] The record contains two separate entries entitled "Returned/remailed mail." It appears, however, neither of the envelopes concern the notice issue at hand. The mail stamps indicate the mail items were sent on February 19, 2013, and March 14, 2013, well after the hearing at issue took place.

[12] As Eva does not satisfy the first prong of the test to set aside a judgment, we need not address whether she acted promptly in seeking relief or

## II.     **ARFLP 35(B)**

**¶15**          Eva also argues for the first time on appeal that, pursuant to ARFLP 35(B), the trial court should have granted her motion to set aside due to James's failure to respond to the motion.   First, we note that Eva did not make this argument to the trial court and we generally do not consider arguments raised for the first time on appeal. *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9, 226 P.3d 394, 396 (App. 2010).   Second, the trial court denied the motion four days after it was filed; well before a response was due from James, thereby effectively precluding the possibility of a response. ARFLP 35(A)(3) ("Any party opposing the motion shall file any answering memorandum within ten (10) days."). Third, ARFLP 35(B) is permissive, and does not require a trial court to grant a motion just by virtue of the opposing party's failure to respond. ARFLP 35(B) ("[I[f the opposing party does not serve and file the required response, . . . the court *may* dispose of the motion summarily.") (emphasis added).

## Conclusion

**¶16**          We affirm the trial court's denial of Eva's second motion. Both parties request their attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324.   As the non-successful party, we deny Eva's request.   In our discretion, we also deny James's request for attorneys' fees; James is entitled, however, to his costs on appeal upon his compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

whether she had a meritorious defense. *See Jackson*, 210 Ariz. at 469, ¶ 14, 113 P.3d at 115 (stating a Rule 60(c) motion should be denied if the moving party cannot satisfy all three prongs of the test).