NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

In the Matter of:

GRAY 2004 PETERBILT SEMI-TRACTOR VIN 1XP7DB9X34D81380; TWO HUNDRED THIRTY SIX DOLLARS ($236) IN US CURRENCY; ONE HUNDRED TWENTY SIX DOLLARS AND 32/100 ($126.32) IN US CURRENCY; EIGHT THOUSAND DOLLARS ($8,000) IN US CURRENCY.

---

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

KEVIN JONES; MORRELL JONES; JONES BROTHERS TRANSPORT, LLC, *Claimants/Appellants.*

No. 1 CA-CV 13-0118
FILED 3-20-2014

---

Appeal from the Superior Court in Yavapai County
No. P1300CV201200216
The Honorable Kenton D. Jones, Judge

**AFFIRMED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Thomas M. Stoxen
*Counsel for Plaintiff/Appellee*

Kimerer & Derrick, PC, Phoenix
By Clark L. Derrick and Rhonda E. Neff
*Counsel for Claimants/Appellants*

MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

C A T T A N I, Judge:

¶1            Jones Brothers Transport, LLC ("Jones Brothers"), Kevin Jones, and his wife Morrell Jones (collectively, "Claimants") appeal from the superior court's order forfeiting to the State $8,000 in U.S. currency and the court's post-judgment order denying Claimants' motion for new trial.[1]  For reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND

¶2            In January 2012, law enforcement officers in Yavapai County discovered over 100 pounds of marijuana in a Jones Brothers-owned commercial semi-tractor driven by Kevin and another individual.  The State seized for forfeiture the semi-tractor, $362.32 in cash from Kevin and the other individual, and $8,000 that Kevin had deposited in a Jones Brothers bank account earlier that day.  In the parallel criminal case, Kevin later pleaded guilty to attempted transportation of marijuana for sale and forfeited any interest in the semi-tractor and the $362.32 in cash.

¶3            In February 2012, the State filed a notice of pending forfeiture of the semi-tractor, the cash, and the $8,000 from the bank account.  Kevin, Morrell, and Jones Brothers timely filed a verified claim asserting that each of them held an interest in some of the property seized.  Regarding the $8,000, the claim stated that Kevin had withdrawn the funds from the Jones Brothers checking account weeks earlier for business purposes, then re-deposited the $8,000.  The claim stated that Jones Brothers owned "all funds" in the checking account.

¶4            On April 12, 2012, the State filed an in rem forfeiture action in superior court, and, on April 20, 2012, mailed the complaint to

---

[1]    We refer to Kevin and Morrell Jones by their first names where necessary to distinguish between them.

Claimants by certified mail. Claimants received the complaint on April 23, 2012, and filed an unverified answer on May 17, 2012.

**¶5** The State then filed an application for order of forfeiture concurrently with a notice of the application, stating that Claimants' answer was untimely, lacked the requisite signatures by Claimants under penalty of perjury, and was otherwise statutorily deficient. In response, Claimants argued the answer should be deemed timely based on excusable neglect, sought leave to amend the answer with a verification signed by Kevin and Morrell under penalty of perjury, and requested "additional time to both file the Answer and to correct the defect by filing a Verification." After considering briefing by the parties, the superior court granted the State's application and issued an order of forfeiture as to the semi-tractor, the cash, and the $8,000 in the bank account.

**¶6** Claimants moved for a new trial as to the $8,000, again asserting that the answer should be considered timely and alternatively asking the court to set aside the "default" judgment. Claimants also requested an extension of time to file the answer and sought leave to amend the answer. After briefing and oral argument, the superior court denied Claimants' motion in its entirety, finding the answer was untimely, rejecting Claimants' proposed verification as insufficient, and finding Claimants had failed to demonstrate excusable neglect.

**¶7** Claimants timely appealed.[2] We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1), (5)(a).[3]

## DISCUSSION

**¶8** We review the superior court's denial of a motion for new trial and its denial of a Rule 60 motion for relief from judgment for an abuse of discretion. *In re 6757 S. Burcham Ave.*, 204 Ariz. 401, 404, ¶ 10, 64 P.3d 843, 846 (App. 2003); *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231

---

[2] Claimants originally filed a premature notice of appeal from the superior court's unsigned ruling denying the motion for new trial. This court suspended the appeal, and at Claimants' request, the superior court reissued a signed ruling.

[3] Absent material revisions after the relevant date, we cite a statute's current version.

Ariz. 236, 241, ¶ 20, 293 P.3d 512, 517 (App. 2012). We similarly review the denial of a post-deadline request for an extension of time and the denial of a request for leave to amend a pleading for an abuse of discretion. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22, 189 P.3d 1114, 1122 (App. 2008); *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4, 297 P.3d 923, 925 (App. 2013). We defer to the superior court's factual findings unless clearly erroneous, and consider the evidence in the light most favorable to sustaining the judgment. *In re U.S. Currency of $26,980.00*, 199 Ariz. 291, 295, ¶ 9, 18 P.3d 85, 89 (App. 2000). We review de novo, however, matters of statutory interpretation. *State v. Anthony*, 232 Ariz. 165, 168, ¶ 15, 303 P.3d 59, 62 (App. 2013).

**¶9** Claimants do not dispute that the answer was untimely. The statute governing judicial in rem forfeiture proceedings allows service of the complaint by certified mail. *See* A.R.S. § 13-4311(A) (allowing service "in the manner provided by § 13-4307 or by the Arizona rules of civil procedure"); A.R.S. § 13-4307(1)(b) (allowing service by certified mail). If the State exercises this option, service "is effective at the time of . . . the mailing of written notice." A.R.S. § 13-4307. A claimant must "file and serve" an answer within 20 days after the complaint is served. A.R.S. § 13-4311(G). Here, the service of the complaint was effective upon mailing on April 20, 2012. Claimants filed an answer 27 days later on May 17. Thus, Claimants—as they concede—did not timely file their answer.

**¶10** Claimants nevertheless argue that the forfeiture order is void because the State failed to give 10 days' notice before filing its application for order of forfeiture under A.R.S. § 13-4311(G). Although we review the trial court's ruling on a motion for new trial for an abuse of discretion, we review de novo the legal issue of whether the forfeiture order was void. *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App. 2010).

**¶11** Under § 13-4311(G):

> If no proper answer is timely filed, the attorney for the state shall proceed as provided in §§ 13-4314 and 13-4315 [applying for an order of forfeiture and allocation of forfeited property] with ten days' notice to any person who has timely filed a claim that has not been stricken by the court.

Referencing the civil rule governing entry of default and default judgments, *see* Ariz. R. Civ. P. 55, Claimants contend that § 13-4311(G)'s

requirement of "ten days' notice" provides a 10-day grace period in which to file an answer. Under Rule 55(a)(2)–(4), entry of default does not become effective if the defaulting party answers within 10 days of the entry of default. Although we have broadly characterized the operation of § 13-4311(G) as in some ways the "functional equivalent" of a default judgment, *see State v. Jackson*, 210 Ariz. 466, 469, ¶ 13, 113 P.3d 112, 115 (App. 2005), this court recently held that § 13-4311(G) does not provide a grace period for filing an answer to a forfeiture complaint. *Anthony*, 232 Ariz. at 169, ¶¶ 19–22, 303 P.3d at 63.

**¶12** Claimants invite us to revisit *Anthony*'s holding, noting that in *Jackson*, this court previously suggested that filing an answer within 10 days of the notice would preserve the answer, *see* 210 Ariz. at 471, ¶ 25, 113 P.3d at 117. Claimants argue that the "ten days' notice" language is rendered meaningless if it is not construed to be a grace period as suggested in *Jackson*. But *Anthony* points out several alternative purposes for the notice language, including, for example, notice to other interested parties who were not required to answer the complaint. *Id.* at ¶ 22, 303 P.3d at 63. Additionally, 10 days' notice provides defaulting claimants an opportunity to show the superior court that their answer was in fact timely filed and proper.

**¶13** Section 13-4311(G) sets a firm 20-day period for answering the complaint and permits the State to proceed with an application for order of forfeiture "[i]f no proper answer is timely filed." The express terms of the statute include neither a reference to an extended period for filing an answer, nor any suggestion that the notice period should function as a grace period. The notice provision thus provides claimants notice of an impending application for order of forfeiture without providing for an automatic cure period.

**¶14** Although Claimants correctly note that, under § 13-4311(B), civil in rem forfeiture actions "are governed by the Arizona rules of civil procedure unless a different procedure is provided by law," here § 13-4311(G) specifically provides a different procedure. Thus, the 10-day grace period provided for civil defaults under Rule 55(a)(4) does not apply.

**¶15** Claimants further contend that the forfeiture order is void because the State did not provide notice of its intent to apply for an order of forfeiture 10 days before filing the application. But *Anthony* holds that the statute allows contemporaneous filing of the notice and the application. 232 Ariz. at 169, ¶ 19, 303 P.3d 59, 63. Moreover, even

assuming § 13-4311(G) contemplates the filing of a notice of intent to file an application 10 days prior to filing the application, concurrent filing of the notice and the application does not require reversal here. Claimants do not dispute that they received notice of the pending application before any action by the court. Claimants had an opportunity to (and did) oppose the default procedure and had an opportunity to (and did) seek post-deadline relief after the court rejected their untimely filing. Accordingly, the order is not void for lack of notice.

¶16        Claimants also argue that their answer should be accepted as timely—or alternatively that their tardiness should be excused—because the State did not include with the complaint a certificate of service as described in Arizona Rule of Civil Procedure 5(c)(3). But, because § 13-4307 delineates a specific procedure for service in a forfeiture action, the civil procedural rules governing service—including Rule 5—do not apply. *In re $47,611.31 U.S. Currency (Counterman)*, 196 Ariz. 1, 3 & n.3, ¶ 11, 992 P.2d 1, 3 & n.3 (App. 1999) ("Thus, the procedural rules for service of papers do not apply to service [under A.R.S. § 13-4307].").

¶17        Claimants next argue that the superior court erred by failing to grant their post-deadline request for an extension of time to file the answer. As Claimants point out, § 13-4311 does not expressly prohibit a court from granting an extension of time for filing an answer. *Compare* A.R.S. § 13-4311(F) ("No extension of time for the filing of a claim may be granted."), *with* A.R.S. § 13-4311(G) (no express prohibition on an extension of time). Assuming, without deciding, that the civil rules governing extensions apply here, Claimants nevertheless are not entitled to relief.

¶18        The civil rules allow the superior court, in its discretion, to grant an extension of time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Ariz. R. Civ. P. 6(b)(2). Neglect may be excusable if it "might befall a reasonably prudent lawyer under similar circumstances." *Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 339, 884 P.2d 217, 225 (App. 1994); *see also Jackson*, 210 Ariz. at 469, ¶ 15, 113 P.3d at 115. Although not a categorical prohibition, neglect is generally not excusable if based on legal error, unless the area of law in question is unsettled. *Ellman Land Corp.*, 180 Ariz. at 340, 884 P.2d at 226.

¶19        Claimants argue that their failure to timely file the answer was excusable because the State failed to include a certificate of service with the complaint, leaving Claimants "'uncertain' *when* the Complaint

was actually served." But the Rule 5(c) certificate of service requirement does not apply in these circumstances. *See supra* ¶ 16. Additionally, the law determining date of service is not unsettled. Under § 13-4307—and under Rule 5(c)(2)(C) as well—service is effective upon mailing. Claimants' initial misunderstanding of that law, in which they mistakenly considered service to be complete upon receipt instead of upon mailing, does not establish excusable neglect. The superior court did not abuse its discretion by ruling that Claimants failed to establish excusable neglect given Claimants' actual access to the mailing date by postmark and their failure to make any inquiry—even as minimal as looking at the envelope—to determine the mailing date.

**¶20** Moreover, Claimants' arguments do not explain their failure to file a "proper" answer. Among other requirements, an answer to a forfeiture complaint "shall be signed by the owner or interest holder under penalty of perjury." A.R.S. § 13-4311(G). Claimants' answer, as they agree, was filed without the requisite signatures. Claimants did not provide a proposed verification—even assuming the proposed verification would satisfy the statutory requirement—until over two months after filing their answer. Given Claimants' failure to comply with the statute's requirements and this delay, the superior court did not abuse its discretion by determining that Claimants failed to establish excusable neglect.

**¶21** Claimants also argue that the superior court erred by denying their request for relief from judgment on the basis of excusable neglect under Arizona Rule of Civil Procedure 60(c)(1). For the reasons stated above, *see supra* ¶¶ 18-20, the superior court did not abuse its discretion by finding that Claimants failed to establish excusable neglect, and accordingly did not err by denying their Rule 60(c) motion on that basis.

**¶22** Finally, Claimants argue that the superior court abused its discretion by denying their request for leave to amend the answer to include a verification. Under Rule 15 of the Arizona Rules of Civil Procedure, a party may amend a pleading by leave of court and "[l]eave to amend shall be freely given when justice requires." Ariz. R. Civ. P. 15(a)(1). The proposed amendment, however, could not have cured the answer's untimely filing. Nor would the addition of a verification cure the answer's failure to delineate, for instance, which property each claimant was asserting an interest in. *See* A.R.S. § 13-4311(G) (answer "shall comply with all of the requirements for claims"); A.R.S. § 13-4311(E)(3)–(4), (6) (claim requirements mandating statement of "nature

and extent of the claimant's interest in the property" and how the claimant acquired that interest, as well as all supporting facts). Because amendment would have been futile, the court did not abuse its discretion by denying leave to amend. *See Tumacacori Mission Land Dev.*, 231 Ariz. at 519, ¶ 4, 297 P.3d at 925 (stating leave to amend need not be granted when amendment would be futile).

## CONCLUSION

¶23      For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: mjt