177 P.3d 1195

Megan Caroline VILLARES, Petitioner,

v.

The Honorable Susanna PINEDA, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa, Respondent Judge,

Alexander Villares, Real
Party in Interest.

No. 1 CA–SA 07–0238.

Court of Appeals of Arizona,
Division 1, Department B.

March 6, 2008.

Burch & Cracchiolo PA by Donald W. Lindholm, Phoenix, Attorneys for Petitioner.

Jeffrey M. Zurbriggen by Jeffrey M. Zurbriggen PC, Tempe, Attorneys for Real Party in Interest.

**OPINION**

OROZCO, Judge.

¶ 1 Petitioner (Wife) seeks special action relief challenging the family court's temporary orders regarding parenting time with the minor child, spousal maintenance, child support and the requirement that Wife obtain employment. We previously issued an

order accepting jurisdiction, granting relief and stated a written decision would follow. This is that decision.

¶ 2 Wife filed a petition for dissolution of marriage in April 2007. A Resolution Management Conference (RMC) was scheduled for October 9, 2007. Prior to the RMC, Wife filed an Affidavit of Financial Information (AFI) as well as a Proposed Resolution Statement. Husband filed a Resolution Management Statement which had a child support worksheet and an amended Resolution Management Statement which did not contain a child support worksheet or an AFI.

¶ 3 On October 9, 2007, the parties and counsel appeared at the RMC. The family court first addressed the issues of spousal maintenance and child support, stating that although there was no "concrete number" she had the worksheets from both Wife and Husband. The court also stated it was "inclined to take the larger number at this point in time." Wife did not initially object; however, once Husband's attorney indicated what his figures were for Husband's income, Wife objected.

¶ 4 At the hearing the court issued several temporary orders. Among those orders were that Husband pay the marital home mortgage and utilities and that Wife "seek to obtain some form of employment in order to pay food, gas, and other miscellaneous living expenses."

¶ 5 In addition, the court ordered the custodial arrangement be changed from the schedule the parties were utilizing, every other weekend and Wednesday evenings, to a schedule of alternating weeks. Before Wife could object the family court stated "[y]ou can object as much as you want, [Wife], but that is what's going to happen." Wife's attorney subsequently objected stating "[y]our Honor, we have—we have great objection to this. This is scheduled as a resolution management conference. To change this child's routine and life without hearing any evidence is an extreme step to take." The court responded "I understand, from looking at the pleading, that this is one of the issues this

[sic] was going to be addressed today." Wife's attorney reminded the court that the proceeding was an RMC and argued that Wife's due process rights would be violated if the court issued orders related to issues that the parties had not agreed upon. He also stated that the court was entering orders that were not agreed upon by the parties without taking evidence or having a hearing. Husband's attorney indicated that the family court had the ability to enter orders when there was no agreement and the family court agreed.

¶ 6 The family court then returned to the issues of child support and spousal maintenance. The court stated that it would enter orders once it "crunched out the numbers in order to double check them." Wife's counsel again objected questioning how the numbers could be determined if Husband had not filed an AFI. The family court replied that it had his income as well as the information which Wife had provided in order to determine income.

¶ 7 Before the end of the hearing, Wife's counsel again requested that the family court reconsider the child custody order; however, the court refused.

¶ 8 Following the RMC the court issued a ruling that granted Wife temporary spousal support of $4,000 per month, vacated a prior order requiring Husband to pay household expenses and ordering Husband to pay Wife $15.48 per month in child support.[1]

¶ 9 Wife filed a Motion for Reconsideration. The motion was denied without comment on October 18, 2007.

## JURISDICTION

¶ 10 Special action jurisdiction is appropriate where there is no "equally plain, speedy, and adequate remedy by appeal." Rule of Procedure for Special Actions 1. In determining whether jurisdiction is appropriate, we review whether Wife has recourse through the normal appellate process. "[A]n order that is merely 'preparatory' to a later

---

1. The family court stated in the order that it used the financial figures of Wife and Husband in preparing the Child Support Worksheet to deter-

mine that the award of $15.48 per month was appropriate.

proceeding that might affect the judgment or its enforcement is not appealable." *Arvizu v. Fernandez,* 183 Ariz. 224, 227, 902 P.2d 830, 833 (App.1995) (citing *Lakin v. Watkins Associated Indus.,* 6 Cal.4th 644, 651–52, 25 Cal.Rptr.2d 109, 113–114, 863 P.2d 179, 183–84 (1993)).

¶ 11 In this case, the temporary orders issued by the family court were preparatory and in anticipation of trial, which was set in March 2008. At trial, a final judgment regarding the contested issues will be determined after presentation of evidence. Therefore, the temporary orders were preparatory in nature as they were made in anticipation of further resolution of the issues at trial. As a result, the orders are not appealable and Wife has no adequate or speedy remedy aside from special action relief. We therefore find special action jurisdiction is appropriate.

## DISCUSSION

¶ 12 Rule 47(D) of the Rules of Family Law Procedure (R.F.L.P.) provides that if at a Resolution Management Conference there are issues that are not resolved, "the court shall then set an evidentiary hearing not later than thirty (30) days thereafter to resolve the remaining issues, unless the parties agree to a different timeframe or procedure." Furthermore, the rules state that "[t]he court *shall not resolve disputed issues of fact* at a pretrial conference or Resolution Management Conference absent agreement of the parties." *Id.* (emphasis added).

¶ 13 Rule 76(A)(3) of R.F.L.P. provides that in an RMC the court may:

a. enter binding agreements on the record in accordance with Rule 69;

b. determine the positions of the parties on the disputed issues and explore reasonable solutions with the parties to facilitate settlement of the issues;

c. enter temporary orders *as agreed upon by the parties (on agreement of the parties, the court may also enter temporary orders based upon the discussions,*

*avowals, and arguments presented by the parties without an evidentiary hearing on the contested issues* ); (emphasis added).

¶ 14 Husband contends that the family court was permitted to issue the temporary orders based on the R.F.L.P. Specifically, he emphasizes that the language of Rule 76 allows the court to enter temporary orders "without an evidentiary hearing on the contested issues" and to "make such other orders as the court deems appropriate." We disagree.

¶ 15 The purpose of an RMC "is to encourage the resolution of family law cases using non-adversarial means of alternative dispute resolution." R.F.L.P. 66(A). The conference is not intended to resolve disputed issues but to find points of agreement in order to shorten or circumvent adversarial proceedings. Rule 76 requires first and foremost that there be an agreement between the parties before the family court can issue temporary orders. *See* R.F.L.P. 76(A)(3)(c) (court may "enter temporary orders *as agreed upon by the parties (on agreement of the parties, the court may also enter temporary orders based upon the discussions, avowals, and arguments presented by the parties without an evidentiary hearing on the contested issues"* )) (emphasis added). No such agreement existed in this case.

¶ 16 Husband further cites Arizona Revised Statutes (A.R.S.) section 25–404 (2007) as support for the family court's authority to issue temporary orders without agreement of the parties. The language allows the court to "award temporary custody under the standards ... after a hearing, or if there is no objection, solely on the basis of the pleadings." A.R.S. § 25–404(A). The plain wording of the statute provides for orders *after* a hearing or based on the pleadings only *"if there is no objection." Id.* (emphasis added). In this case, there were objections to the orders and thus an order without a hearing or agreement violated A.R.S. § 25–404.[2]

¶ 17 Furthermore, Rule 47 requires the family court to set an evidentiary hearing

---

2. Wife argues that the family court violated her due process rights; however, because we find that the Rules of Family Law Procedure and

A.R.S. § 25–404 were violated, we need not address any potential due process violations.

on disputed issues unless the parties agree to an alternate procedure. Wife requested an evidentiary hearing and objected to the temporary orders. Instead of following the guidelines for an RMC, the family court issued orders on disputed issues without the agreement of the parties. This violated Rule 47 and thus the temporary orders must be set aside.

## CONCLUSION

¶ 18 For the above mentioned reasons, we accept jurisdiction, grant the relief requested and vacate the temporary orders concerning parenting time with the minor child, spousal maintenance, child support and the requirement that Wife obtain employment.

CONCURRING: DANIEL A. BARKER, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

