NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRYSTLE N. LOPEZ, *Petitioner/Appellant*,

*v.*

JOSE RAMIRO RAYGOZA, *Respondent/Appellee*.

No. 1 CA-CV 16-0761 FC
FILED 10-12-2017

Appeal from the Superior Court in Maricopa County
No. FC2016-000070
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Krystle N. Lopez, Phoenix
*Petitioner/Appellant*

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1        Krystle N. Lopez ("Mother") appeals the superior court's order granting Jose Ramiro Raygoza ("Father") sole legal decision-making authority over the parties' child, A.R., and limiting Mother's parenting time.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mother and Father never married.  When A.R. was three years old, Mother filed this action seeking sole legal decision-making authority and asking the superior court to order that Father have no parenting time.  In response, Father requested joint legal decision-making and equal parenting time.  While the action was pending, the court entered a judgment establishing Father's paternity and, based on the parties' agreement, a temporary order for a week on/week off parenting time arrangement.

¶3        The superior court developed "significant concerns" about both parents after a Court-Appointed Advisor ("CAA") reported that the Department of Child Safety ("DCS") was investigating allegations that one of Mother's relatives had sexually abused A.R.  Mother indicated to the CAA that she continued to live with the relative accused of molesting A.R.  Father had returned A.R. to Mother despite DCS' instructions that A.R. remain in Father's care pending further investigation of the allegations.  In addition, the court noted the CAA's report detailed Mother's criminal record and history of drug use and Father's admission that he used marijuana illegally.  The CAA also observed that the parties had a high level of conflict and had exchanged threatening and verbally abusive texts and emails.

¶4        After finding it was in A.R.'s best interests to reside with Father until further order, the superior court directed that Mother have reasonable supervised parenting time at least once a week.  The court

designated A.R.'s grandmother as a suitable supervisor of Mother's parenting time but allowed the parties to agree on a different supervisor.

¶5　　　　The superior court also ordered Mother to immediately submit to a drug test. Mother tested positive for several illegal drugs, and the court ordered her to submit to a weekly urinalysis until she provided eight consecutive negative samples. It continued the order that A.R. remain with Father and that Mother exercise parenting time once a week, supervised by A.R.'s grandmother.

¶6　　　　Alleging Mother had violated the court order by conducting unsupervised parenting time with A.R., Father filed an expedited motion to modify Mother's parenting time. The superior court, noting Father no longer agreed A.R.'s grandmother could supervise parenting time, ordered that, absent the parties' agreement to another third-party supervisor, Mother would exercise her parenting time at Arizonans for Children, a non-profit organization offering such services. The court ruled it would continue Father's motion to the upcoming trial on Mother's petition for legal decision-making and parenting time.

¶7　　　　Five days prior to trial, Mother filed a motion to continue, asserting she was beginning cancer treatment and had just received new documents she wanted to review before trial. The superior court denied the motion, and Mother appeared and presented evidence at trial.

¶8　　　　After considering A.R.'s best interests and other relevant statutory factors, the superior court granted Father sole legal decision-making authority. It ordered A.R. would live with Father and granted Mother supervised parenting time at Arizonans for Children once a week.

¶9　　　　Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶10　　　　Mother argues the superior court abused its discretion by granting Father's motion to modify parenting time without first conducting an evidentiary hearing and by denying Mother's motion to continue the trial. She also argues the court denied her due process of law at trial and challenges the basis for the court's best interests findings.

I.      Motion to Modify Parenting Time

¶11         Mother argues the superior court abused its discretion by not conducting an evidentiary hearing before modifying her pretrial parenting time, thereby requiring Mother to conduct her parenting time at Arizonans for Children.   The order at issue was a temporary order pending the October 2016 trial and is therefore not appealable.  *See* Ariz. R. Fam. Law P. 47(M) (stating "temporary orders become ineffective and unenforceable . . . following entry of a final decree, judgment, or order"); *Villares v. Pineda*, 217 Ariz. 623, 624-25, ¶¶ 10-11 (App. 2008) (accepting review of a special action challenging a temporary order regarding child custody, noting the order was not appealable).[1]

II.     Motion to Continue Trial

¶12         Mother also argues the superior court abused its discretion by denying her motion to continue the trial.  Once a matter is set for trial, the court may not grant a continuance "except upon written motion setting forth sufficient grounds and good cause, or as otherwise ordered by the court."  Ariz. R. Fam. Law P. 77(C)(1).  We will not disturb the court's ruling on a motion to continue trial absent an abuse of discretion.  *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968).

¶13         Mother asked the superior court to continue trial because she was beginning cancer treatment and had just received documents from the Department of Public Safety and the Phoenix Police Department that she wanted to review before trial.  The exhibit attached to Mother's motion did not support her contention that she was unable to attend trial for medical reasons; it showed only that she had a medical appointment set for a few days before trial.  In addition, Mother did not identify the documents she had received or state why they might be relevant to her presentation at trial.

---

[1]     We note, however, that the superior court did not modify Mother's parenting time, but simply affirmed prior parenting time orders.  The court did not decide the merits of Father's allegations that Mother conducted unsupervised parenting time, and stated Mother could address that issue at trial.  Mother did not proffer any controverting evidence at trial and does not argue on appeal that she would have presented such evidence if the court had conducted a pretrial hearing on Father's motion.  *See In re Marriage of Molloy*, 181 Ariz. 146, 150 (App. 1994) (stating appellate court will only reverse superior court's error if the complaining party suffered prejudice).

We find no abuse of discretion in the court's denial of the motion to continue.

III.     Due Process

**¶14**          Next, Mother contends the superior court deprived her of due process at trial by refusing to allow her additional time to present evidence and disregarding her witnesses and exhibits.  Due process requires the court to give a party notice and a meaningful opportunity to be heard. *Wallace v. Shields*, 175 Ariz. 166, 174 (App. 1992).  Whether the superior court afforded Mother due process at trial is a question of law we review *de novo*. *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016).

**¶15**          The superior court may impose reasonable time limits on a proceeding if doing so does not deprive a party of a meaningful opportunity to gather and present evidence.  *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20 (App. 2014); *Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 13 (App. 2010) (stating superior court has broad discretion over the management of a trial and may place time limitations on trial proceedings).  A party asserting that the trial court denied her right to due process must show how the lack of additional time harmed her case.  *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998).

**¶16**          The superior court gave Mother a meaningful opportunity to be heard.  The court imposed time limitations equally on both parties, and Mother did not object at the time the court advised of such limits.  During the trial, Mother testified and cross-examined another witness, but did not offer any exhibits or tell the court that she wished to call additional witnesses after the court informed Mother that she had used all her presumptive time.  Nor did she tell the court she needed more time to present her case or had additional evidence she was unable to present within the predetermined time limits.[2]  Further, Mother has made no showing of prejudice, as she does not identify on appeal what additional evidence she would have offered or witnesses she would have called, and she does not explain how the absence of that evidence prejudiced her.  *See Gamboa*, 223 Ariz. at 402-03, ¶¶ 17-18 (rejecting appellant's argument that superior court's time limitations harmed him because he did not make an offer of proof stating with reasonable specificity what additional evidence

---

[2]      We note the superior court also had discretion to refuse to allow Mother to present her witnesses and exhibits because she failed to disclose them prior to trial.  Ariz. R. Fam. Law P. 49(G), 76(C)(1)(e)-(f), (D)(1).

would have shown or argue on appeal that the time limits prevented him from presenting a sufficient case).

**¶17** Mother also claims the superior court denied her due process by proceeding with trial even though she had taken prescription medication that day and was therefore under a disability. The court observed that Mother appeared to be under the influence of a substance at trial and noted Mother said she was taking Percocet because of a recent surgery. Mother, however, did not request a continuance or otherwise claim that her medical condition or use of prescription medication on the day of trial rendered her unable to proceed, as she now does on appeal. Accordingly, she has waived this issue. *Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007) (stating parties waive issues raised for the first time on appeal). Even if the issue is not waived, Mother has not shown that she suffered any prejudice, as she has not identified any evidence or testimony that she was unable to present because of her condition on the day of trial and how the absence of that evidence adversely affected her case. *County of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 598, ¶ 12 (App. 2010) (stating an appellate court will only reverse a due process error if it prejudiced a party); *Gamboa*, 223 Ariz. at 402-03, ¶¶ 17-18.

IV.    Best Interests Findings

**¶18** Finally, Mother challenges the superior court's rulings regarding legal decision-making and parenting time, arguing the court improperly abdicated its responsibility by simply adopting the CAA's recommendations. We review the court's order for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

**¶19** Arizona law requires the superior court to consider several factors in determining legal decision-making and parenting time. A.R.S. § 25-403(A). The court must "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

**¶20** Here, the superior court provided detailed and specific findings about the relevant statutory factors and the reasons supporting its best interests determination. Mother does not challenge any of those findings, but insists the court abdicated its responsibility to decide A.R.'s best interests by relying on the CAA's report. There is no indication the court failed to make an independent judicial decision simply because its ultimate findings were consistent with those of the CAA and the court adopted the CAA's recommendation. We find no abuse of discretion.

**CONCLUSION**

**¶21** For the foregoing reasons, we affirm. We award costs to Father subject to his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA