NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

GREG KAESTLE, *Petitioner/Appellee,*

*v.*

ERIN KAESTLE, *Respondent/Appellant.*

No. 1 CA-CV 19-0015 FC

FILED 10-29-2019

Appeal from the Superior Court in Coconino County
No. S0300DO201600463
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

Law Office of Benjamin L. Deguire PLLC, Flagstaff
By Benjamin L. Deguire
*Counsel for Petitioner/Appellee*

Erin Kaestle, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P O R T L E Y**, Judge:

¶1        Erin Kaestle ("Mother") appeals the decree of dissolution awarding joint legal decision-making and making Greg Kaestle ("Father") the primary residential parent of the parties' children.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties were married in 2007 and have three children, two daughters and a son ("Son").  In August 2016, Father filed a petition to dissolve the marriage.[2]

¶3        At the same time, he filed a verified motion for temporary orders without notice to Mother, requesting the superior court (1) award him sole legal decision-making, primary and exclusive parenting time and (2) order that Mother have no contact with the children because she was allegedly endangering the children and interrupting Son's schooling.  The court granted Father's motion on October 20, 2016, and, finding good cause, set a hearing on the temporary orders for November 15, 2016, outside the default 10-day period.  *See generally* Ariz. R. Fam. Law P. ("ARFLP") 48(d).  The parties later stipulated to continue the hearing, and the court held a hearing on the temporary orders on December 20, 2016.  The parties ultimately stipulated to temporary orders.

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3 of the Arizona Constitution.

[2]        Father initially filed for divorce in Yavapai County, but refiled his petition in Coconino County.  With the parties' consent, the Yavapai County case was transferred to Coconino County and consolidated with the earlier Coconino County case.

**¶4**          The court held trial over two days on December 15, 2017, and February 12, 2018.  In its under advisement rulings on May 23, 2018, the court made Father the children's primary residential parent and awarded joint legal-decision making to the parents, but gave Father final decision-making authority over certain school and child care decisions.

**¶5**          Six days later, Mother filed for an order of protection in the Maricopa County Superior Court, alleging Father had physically abused Son on May 24, 2018.  The court granted her request and barred Father from contacting Mother and their children.  The court then dismissed parallel proceedings and transferred the order of protection to the Coconino County Superior Court.  Based on Father's alleged abuse of Son, Mother moved for relief from judgment and petitioned the Coconino Court to modify its trial rulings on, *inter alia*, legal decision-making and parenting time.

**¶6**          The court denied Mother's motion,[3] and entered the final decree of dissolution on November 26, 2018.  Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

### A.     The Temporary Orders Without Notice.

**¶7**          Mother argues the superior court violated her due-process rights because it did not hold a hearing on the temporary orders without notice within 10 days.  She also argues that no evidence supported the issuance of temporary orders without notice.  We find no due-process violation.

**¶8**          A superior court may issue temporary orders without notice if a party files a verified motion that, *inter alia*, "clearly shows" the party or the party's minor child will suffer irreparable harm.  *See* ARFLP 48(a)-(b). The court must hold a hearing on the request for orders no later than 10 days after the order's entry, unless there is good cause for delay.  *See* ARFLP 48(d); *see also Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016) (due process entitles a party to notice and an opportunity to be heard).  In this case, Father filed a verified pleading seeking temporary orders without notice. The court granted the request and set the hearing outside of the 10-day rule

---

[3]      At the time of her appeal, the superior court had not ruled on Mother's petition for modification.  We assume the court will rule on the matter in due course.

after finding good cause. Mother received notice, later agreed, by counsel, to continue the hearing and, before that hearing, stipulated to temporary orders. By agreeing to continue the hearing and then stipulating to the temporary orders, she acceded to the court's action.

¶9 Finally, if a superior court violates a rule about temporary orders, the only remedy is to file a special action. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017). Moreover, any temporary orders become moot after the entry of the decree and cannot be appealed. *See* ARFLP 47(j)(1); *Villares v. Pineda*, 217 Ariz. 623, 624-25, ¶¶ 10-11 (App. 2008). Mother cannot now challenge the temporary orders or the court's process on appeal.

## B.     The Decree of Dissolution.

¶10 Mother next argues the superior court violated her due-process right when it entered the final decree of dissolution on November 26, 2018, more than two years after Father's initial petition, and more than 60 days after the final day of trial. Although Article 6, Section 21, of the Arizona Constitution requires the superior court decide matters within sixty days after their submission, any failure to comply with that provision does not provide a basis for this court to reverse the superior court's ruling. *See W. Sav. & Loan Ass'n v. Diamond Lazy K Guest Ranch, Inc.*, 18 Ariz. App. 256, 260-61 (1972). Similarly, Mother does not provide any legal authority, and we do not find any support for, the proposition that the superior court must rule on a petition for dissolution within a certain time period. Further, no evidence shows that any delay in signing the final decree prejudiced Mother.

¶11 She also argues the court failed to consider evidence of Father's alleged May 24 abuse of Son, and other evidence purportedly entered at trial. With respect to Father's alleged abuse of Son, anything that allegedly happened after trial could not be considered by the court. *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 57, ¶ 16, n.1 (App. 2007) (superior court only considers evidence presented at trial). Similarly, any evidence of what Father may have done to Son is not "newly discovered evidence" because it occurred after the presentation of the trial evidence; thus, we cannot say the court abused its discretion by denying Mother's motion for relief from judgment. *See De Gryse v. De Gryse*, 135 Ariz. 335, 336 (1983) (review ruling on motion for relief from judgment for an abuse of discretion); *Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 490, ¶ 24 (App. 2013) (to be "newly discovered evidence," evidence must have "existed at the time of trial").

4

¶12 Mother next argues the superior court failed to consider Father's trial testimony that: (1) he abuses alcohol and has failing health; (2) Son was burned while in Father's care after spilling hot chocolate; and (3) Father sent text messages allegedly showing he wanted Son removed from the family home. Absent contrary evidence, "we presume [the superior court] fully considered the relevant evidence." *See In re Marriage of Gibbs*, 227 Ariz. 403, 410, ¶ 21 (App. 2011). Accordingly, Mother must make an affirmative showing that the court did not consider this evidence.

¶13 Mother has failed to provide the trial transcripts for our review. She states in the Case Management Statement that she requested transcripts on January 13, 2019. "The appellant must order transcripts . . . within 10 days after filing the notice of appeal . . . ." Ariz. R. Civ. App. P. ("ARCAP") 11(c)(2). Mother filed her notice of appeal on November 26, 2018, meaning she needed to request the transcripts no later than December 6, 2018. Consequently, Mother's request for transcripts was untimely, and, even if she later secured the transcripts, we find no request to submit the transcripts past the due date.

¶14 Because we do not have the trial transcripts, we must presume the court's findings are supported by the testimony at trial. *See Reeck v. Mendoza*, 232 Ariz. 299, 302, ¶ 12 (App. 2013) ("[I]f appellant fails to include necessary transcripts, appellate court presumes they would support superior court's findings."). Therefore, Mother has not shown the court did not consider the evidence. And we cannot say the court abused its discretion when it ordered joint legal decision-making and made Father the children's primary parent. *See Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) ("We will affirm the family court's order of parenting time and legal decision-making absent an abuse of discretion.").

**CONCLUSION**

¶15 For the reasons above, we affirm the superior court's determination of legal decision-making and parenting time in the decree of dissolution. Father requests his attorney's fees and costs on appeal. In the exercise of our discretion, we decline his request for fees. We, however, find he is entitled to his costs on appeal subject to his compliance with ARCAP 21.