NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

TODD DOUGLAS MCRAE,
*Petitioner/Appellant*,

v.

LISA MARIE HUNTER,
*Respondent/Appellee*.

No. 1 CA-CV 19-0445 FC

FILED 6-16-2020

Appeal from the Superior Court in Maricopa County
FC2015-054089
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Michael P. Schloss Attorney at Law, Scottsdale
By Michael P. Schloss
*Co-Counsel for Petitioner/Appellant*

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Co-Counsel for Petitioner/Appellant*

Law Office of Timothy M. Collier, PLLC, Scottsdale
By Timothy M. Collier, William A. Weber
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1        Todd Douglas McRae ("Father") appeals from the superior court's decision awarding sole legal decision-making authority to Lisa Marie Hunter ("Mother") for their minor child.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Mother and Father never married but are the biological parents of one minor child.  For five years they have been involved in a dispute over legal decision-making for their child.  The parties were awarded joint legal decision-making by an Arizona court in 2014, an Alberta court in 2015 ("Canadian order"), and finally again by an Arizona court in March of 2017 ("current order").  In August of 2018 Father petitioned to modify the current order, seeking sole legal decision-making authority.  Father also filed a Motion for Temporary Orders ("MTO") seeking temporary sole legal decision-making regarding medical decisions.  Mother opposed both motions, arguing for continued joint legal decision-making or that she be awarded sole legal decision-making authority.

¶3        At the MTO hearing, the court heard evidence about how both parties have "harassed" and "hound[ed]" medical providers during their constant disputes about medical decisions for their child.  After noting that neither party was a good option, the court concluded that joint decision-making was not possible, and awarded Father temporary sole legal decision-making authority for medical decisions.  However, the court warned that it could change its decision "at any time" if Father began "abusing" his authority.

¶4        At trial on Father's petition to modify, the court heard extensive evidence about the parties "relentless and petty bickering" and

2

their inability to "cooperate in decision-making." Accordingly, pursuant to A.R.S. § 25-403.1(B), the court found that joint legal decision-making was no longer in the child's best interest and awarded Mother sole legal decision-making authority. The court denied both parties' motions for attorney fees. Father timely appeals from both the award of sole legal decision-making authority to Mother and denial of his motion for attorney fees. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5**        Father agrees with the superior court's decision that joint legal decision-making is no longer in the child's best interest. However, he argues that the court abused its discretion by awarding Mother sole legal decision-making authority because the evidence did not support that decision.

**¶6**        We review a legal decision-making order by the superior court for an abuse of discretion. *See Owen v. Blackhawk,* 206 Ariz. 418, 420, ¶ 7 (App. 2003). An abuse of discretion occurs when the record is "'devoid of competent evidence to support the decision,' or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy,* 243 Ariz. 469, 471, ¶ 4 (App. 2018) (citation omitted). "We defer to the court's findings of fact unless they are clearly erroneous." *Id.*

**¶7**        In a contested action for legal decision-making authority the superior court must consider the statutorily enumerated factors in A.R.S. § 25-403(A), *Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 11 (App. 2009), and make "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child," A.R.S. § 25-403(B). Here, the superior court made written findings for all eleven statutorily enumerated factors.

**¶8**        Regarding the child's best interests, the court opined that as the child gets older, it will become "more and more important for the legal decision-maker to consider [the child's] thoughts and wishes on [her] own medical care." The court found that Father "believes he is smarter than everyone else and should not have to consider others' input." By contrast, the court found that despite her many flaws, "Mother is more likely to listen to [the child] than Father is." As such, the court held that awarding Mother sole legal decision-making authority was in the child's best interest. The record includes competent evidence to support this finding. Father had ignored the child's concerns after he was awarded temporary sole legal

decision-making. On three occasions, Mother tried to inform Father that the child was unhappy with the choice of doctor and time of doctor appointments. Father belittled the concerns in each instance, explaining that he did "not require [Mother's] input on these matters."

¶9          Further, the court also found that Father had placed his disdain for Mother above the child's best interest, and would reflexively oppose a course of treatment "simply because Mother was in favor of it." The record includes evidence to support this finding. Father has historically disagreed or argued with medical providers who agree with Mother. Indeed, the catalyst for Father petitioning to modify the current order and seeking sole legal decision-making authority was his disagreement with a gynecologist who agreed with Mother on the timing of a vaccination. Moreover, the court-appointed expert reported that Father has "acknowledged long-term issues with his temper" and has difficulty controlling his anger. Father confirmed this problem at the hearing, often becoming "extremely argumentative" with the court.

¶10         Father counters with evidence of Mother's shortcomings, but this court "does not reweigh evidence[.]" *Clark v. Kreamer,* 243 Ariz. 272, 276, ¶ 14 (App. 2017) (citation omitted). The existence of conflicting evidence does not rebut the substantial evidence that supports the superior court's best-interest finding. *Hurd,* 223 Ariz. at 52, ¶ 16 ("Even though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it.").

¶11         Father also asserts that the trial court erred by finding that Father abused his temporary legal decision-making authority. Temporary orders under A.R.S. § 25-404 are "preparatory in nature" and "made in anticipation of further resolution of the issues at trial." *Villares v. Pineda,* 217 Ariz. 623, 625, ¶ 11 (App. 2008). Therefore, the superior court had authority to reverse its decision and verbally warned Father that his ongoing conduct would matter to the court's final decision. Father further contends that gender presumptions impermissibly prompted the superior court's decision. This argument lacks merit as the same court awarded temporary, sole legal decision-making to Father only four months earlier. There is no evidence to suggest that gender presumptions, rather than Father's own actions, guided the superior court's decision.

¶12         Finally, Father challenges the superior court's denial of his motion for attorney fees pursuant to A.R.S. § 25-324. We review the superior court's denial of attorney fees for an abuse of discretion. *See Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). The superior court

declined to award fees because "both parties have acted equally unreasonably in these proceedings." The evidence in the record supports that finding and we affirm.

## CONCLUSION

**¶13** For the foregoing reasons we affirm. Both parties have requested attorney fees on appeal pursuant to A.R.S. § 25-324. In our discretion and after considering the parties' positions and economic resources, we deny both requests.



AMY M. WOOD • Clerk of the Court
FILED:   AA