NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

TODD HERMLING, *Petitioner/Appellee*,

*v.*

MAITE P. HERMLING, *Respondent/Appellant*.

No. 1 CA-CV 20-0424 FC

FILED 4-27-2021

Appeal from the Superior Court in Maricopa County
No. FC2014-006516
The Honorable Jacki Ireland, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Morse Law Group, P.C., Phoenix
By Judith A. Morse
*Counsel for Petitioner/Appellee*

The Rahaman Law Firm PLLC, Scottsdale
By Ashley Blair Rahaman
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1         Maite Hermling appeals the superior court's dismissal of her petition to modify spousal maintenance. Because the superior court did not comply with the Arizona Rules of Family Law Procedure when it dismissed the petition, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2         Todd and Maite Hermling divorced in 2016. Under their divorce decree, husband was required to pay spousal maintenance to wife "in the amount of $7000 per month for two years, $5000 per month for another three years, and $3000 per month for an additional 7 years." Several months later, husband was diagnosed with metastatic melanoma. Because the diagnosis prevented husband from continuing his career as a pilot, he petitioned to modify the spousal maintenance award. Following an evidentiary hearing, the superior court granted husband's request and reduced his spousal maintenance obligation by approximately one-half.

¶3         In April 2020, wife petitioned to modify the revised spousal maintenance award, alleging husband's "medical condition and prognosis have improved since his terminal diagnosis in December 2016." Wife also included summaries of husband's bank statements, arguing his "actual income is greater than" determined at the previous evidentiary hearing. After reviewing wife's petition, the superior court ordered both parties to appear at a resolution management conference (RMC).

¶4         At the RMC, the superior court heard brief arguments from wife's and husband's counsel but took no evidence. The superior court then found, "[b]ased on the information and the pleadings . . . there is not alleged substantial continuing change of circumstances to justify the petition to modify" and dismissed wife's petition, "taking no further action." Wife timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution and A.R.S. § 12-2101.A.1.

**ANALYSIS**

**¶5**        Wife argues the superior court erred by dismissing her petition without "an explanation of the Petition's deficiencies, and an opportunity to cure those deficiencies" as required by the Rules of Family Law Procedure. This court reviews the interpretation of court rules *de novo*, applying the methods of statutory interpretation. *Goldman v. Sahl*, 248 Ariz. 512, 522, ¶ 29 (App. 2020).

**¶6**        Once a party submits a petition seeking to modify spousal maintenance,

> the court must review the petition and (a) reject the petition for failure to state grounds upon which relief can be granted, or (b) issue the Order to Appear. *If the court rejects the petition, the court must provide the applicant with an explanation of the deficiency and provide an opportunity to correct the deficiency within 30 days after the date of the rejection notice.* In deciding whether to reject a petition, the court cannot assess credibility or weigh evidence. If the court issues the Order to Appear, it must set a resolution management conference or evidentiary hearing, as appropriate. No evidence may be taken at a resolution management conference except under emergency circumstances.
>
>  . . . .
>
> At the resolution management conference, the court may take any action provided in Rule 76(c).

Ariz. R. Fam. Law P. 91(i) (emphasis added).

**¶7**        Husband argues the dismissal of wife's petition at the RMC was within the superior court's authority to issue "other orders as the court deems appropriate." *See* Ariz. R. Fam. Law P. 76(c)(13). We disagree.

**¶8**        As the language of Rule 76 makes clear, an RMC "is not intended to resolve disputed issues but to find points of agreement in order to shorten or circumvent adversarial proceedings." *Villares v. Pineda*, 217 Ariz. 623, 625, ¶ 15 (App. 2008); *see also* Ariz. R. Fam. Law P. 76(a) ("The purpose of [an RMC] is to facilitate agreements between the parties."). Accordingly, Rule 76 allows the court to identify contested issues and issue necessary scheduling orders in anticipation of an evidentiary hearing. It

does not, however, give the superior court authority to bypass Rule 91(i) and dismiss outright a petition to modify spousal maintenance.

¶9         To be sure, the superior court retains the authority—even at an RMC—to "reject the petition for failure to state grounds upon which relief can be granted." *See* Ariz. R. Fam. Law P. 91(i)(1), (i)(3); 76(c)(13). But the court "must provide the applicant with an explanation of the deficiency and provide an opportunity to correct the deficiency within 30 days" before dismissing the petition. *See* Ariz. R. Fam. Law P. 91(i)(1), (i)(3); 76(c)(6).

¶10        Indeed, husband concedes "the trial court did not strictly follow Rule 91(i)." Because the superior court did not provide wife an explanation of her petition's deficiency and an opportunity to correct, the dismissal cannot stand.

## ATTORNEY FEES ON APPEAL

¶11        Husband requests his attorney fees on appeal under A.R.S. § 25-324. After considering the relevant factors, we exercise our discretion and deny his request. As the non-prevailing party, we also deny husband's request for taxable costs.

## CONCLUSION

¶12        We reverse the superior court's order dismissing wife's petition to modify spousal maintenance. We remand the matter for further proceedings consistent with this decision, expressing no opinion on the merits of wife's petition.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4